THE LAW OFFICES OF JUSTIN SOBODASH
Justin Sobodash (State Bar # 217450)
justin_sobodash@yahoo.com
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone:   310.461.3577
Facsimile:   310.461.1901

INSTITUTE FOR JUSTICE
Jeff Rowes*
jrowes@ij.org
Robert McNamara*
rmcnamara@ij.org
William H. Mellor*
wmellor@ij.org
901 North Glebe Road, Suite 900
Arlington, VA  22203
Telephone:   703.682.9320
Facsimile:   703.682.9321
*Admitted pro hac vice

Attorneys for Plaintiffs
DOREEN FLYNN, ET AL.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOREEN FLYNN, ET AL.<br>　　　　Plaintiffs,<br>　　v.<br>ERIC HOLDER, ATTORNEY GENERAL<br>　　　　Defendant. | CASE NUMBER:<br>CV09- 7772 VBF (AJWx)<br>_____<br><br>PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS<br><br>Hearing Date:  March 15, 2010<br>Hearing Time:  1:30 p.m.<br>Hearing Location:  Courtroom 9<br><br>Before the Honorable Valerie Baker Fairbank |

# INTRODUCTION

Plaintiffs respectfully submit this surreply in opposition to Defendant's Motion to Dismiss to clarify two points. First, Plaintiffs provide further legal support for the basic proposition that as-applied challenges are permitted in the rational-basis context. Second, Plaintiffs provide additional support for their argument that Plaintiff Dr. John Wagner has sufficiently alleged that he has standing as a physician and on behalf of his patients. If the Court finds that Plaintiffs (including Dr. Wagner in his capacity as a physician) have adequately pled that there is no rational basis for applying NOTA to them, there is no need for the Court to reach the question of whether NOTA infringes on a fundamental right. If the Court finds that Plaintiffs have not adequately pled their rational-basis challenge, however, Plaintiffs would seek leave to amend their Complaint.

## I. THE RATIONAL-BASIS TEST PERMITS AS-APPLIED CHALLENGES.

In its Tentative Ruling ("TR"), the Court asked "Plaintiffs if they have any support for their assertion that the Court should view the rationality of NOTA in light of their particular program." TR at 12. In particular, the Court would like Plaintiffs to respond to the argument Defendant made for the first time in his reply brief that *Doe v. United States*, 419 F.3d 1058, 1061-63 (9th Cir. 2005) and *Russell v. Hug*, 275 F.3d 812, 820 (9th Cir. 2002) stand for the proposition that as-applied challenges are categorically forbidden in the rational-basis context. The gravamen of Defendant's argument is that as-applied challenges must be invalid in the rational-basis context because the government is able to draw classifications that are an "imperfect fit." Def. Reply Mem. at 9-11.

1    This is incorrect: As-applied challenges *must* be permitted in the
2 rational-basis context because the Supreme Court and courts in the Ninth
3 Circuit (and elsewhere) routinely *hear* as-applied challenges in the rational-
4 basis context. For example, in *Allegheny Pittsburgh Coal Co. v. Commission
5 of Webster City*, the Supreme Court ruled that a facially valid system for
6 assessing property taxes was irrational as applied because the system resulted
7 in the plaintiff having to pay arbitrarily high taxes as compared to similarly
8 situated neighbors. 488 U.S. 336, 344-46 (1989); *see also City of Cleburne v.
9 Cleburne Living Ctr.*, 473 U.S. 432, 447 (1985) (describing the relevant
10 inquiry as "whether requiring a special use permit for the Featherston home in
11 the circumstances here deprives respondents of the equal protection of the
12 laws."); *Metropolitan Life Ins. Co. v. Ward*, 470 U.S. 869, 872 (1985) (as-
13 applied challenge to Alabama domestic-preference tax statute); *In re
14 Levenson*, 587 F.3d 925, 934 (9th Cir. 2009) (finding that the application of
15 the Defense of Marriage Act to Federal Employee Health Benefits Act
16 violated equal protection); *Ramirez-Altimirano v. Holder*, 563 F.3d 800, 806
17 (9th Cir. 2009) ("Given that [federal law] provides immigration relief for first-
18 time defendants found guilty of drug possession in federal court, the Equal
19 Protection Clause requires a parallel exception for similarly situated
20 defendants prosecuted in state court.") (citations omitted); *Lazy Y Ranch, Ltd.
21 v. Behrens*, 546 F.3d 580, 590 (9th Cir. 2008) ("Similarly, while
22 administrative costs might be a valid reason to deny a bidder a lease, it simply
23 does not offer a basis for treating conservationists differently from other
24 bidders."); *Cornwell v. Hamilton*, 80 F. Supp. 2d 1101, 1108 (S.D. Cal. 1999)
25 ("Even if Cornwell were defined to be a cosmetologist, the licensing regimen
26 would be irrational as applied to her because of her limited range of
27 activities.").
28

Even where plaintiffs lose as-applied rational-basis challenges, they lose after courts engage in a serious analysis of whether the relevant classification is rational as applied to them. In *Gonzalez v. Raich*, for example, the Supreme Court went through an exacting 27-page examination of whether there was a rational basis for *applying* the Controlled Substances Act to an intrastate, noncommercial medical-marijuana program in California—even though the parties and all nine Justices agreed that the Act itself was "well within Congress' commerce power." 545 U.S. 1, 15 (2005); *see also Vacco v. Quill*, 521 U.S. 793, 797-809 (1997) (12-page analysis of whether there was a rational basis for applying New York's manslaughter laws to physicians who wanted to use lethal medication on competent, terminally ill patients).

If Defendant were correct, then all of these cases and their hundreds of pages of as-applied rational-basis analyses would have been one sentence each: "As-applied challenges in the rational-basis context are categorically forbidden." But these cases were not one sentence long because that is not the rule—nor has it ever been. *See United States v. Carolene Prods.*, 304 U.S. 144, 153 (1938) ("[T]he constitutionality of a statute, valid on its face, may be assailed by proof of facts tending to show that the statute as applied to a particular article is without support in reason because the article, although within the prohibited class, is so different from others of the class as to be without the reason for the prohibition . . . .") (citations omitted).

The central weakness in Defendant's argument is his failure to grapple with the injury Plaintiffs have alleged.[1] Plaintiffs have alleged that it is irrational to penalize them for providing fixed third-party compensation for

---

[1] Since "[t]he touchstone of due process is protection of the individual against arbitrary action of government," it follows that people must have the ability to challenge government *actions*—like the enforcement of particular laws against them—rather than simply challenging laws in the abstract. *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).

- 3 -

donating renewable marrow cells to anonymous patients—and that it is irrational, in large part, because marrow-cell donors can choose to donate through a process (apheresis) that does not pose any health risks. Defendant cannot ignore the injury actually alleged in the Complaint in order to force Plaintiffs to litigate a facial challenge to NOTA that they deliberately refrained from bringing.

Precedent from both the Ninth Circuit and the Supreme Court confirms that rational-basis review does not mean that courts should ignore the injuries actually alleged by plaintiffs. In *Lazy Y Ranch*, for example, the government moved to dismiss an as-applied rational-basis equal-protection claim on the ground that there was a rational basis for what the government asserted was the controlling classification: high-cost livestock lessees versus low-cost lessees. 546 F.3d at 589-90. The panel rejected that, ruling that (at the 12(b)(6) stage) the relevant classification subject to rational-basis review was the classification the plaintiff actually pled in his complaint: conservationists versus non-conservationists. *Id.*

Neither of the new cases cited by Defendant in his reply brief has any application to the instant case—indeed, each is simply an as-applied challenge in which the plaintiff lost, and each is readily distinguished from this case. In *Doe v. United States*, the plaintiff challenged a law prohibiting the funding of abortions under military health care unless the mother's life was in danger, on the grounds that her fetus was anencephalic and could be expected to live only a matter of weeks after birth.  419 F.3d 1058, 1060 (9th Cir. 2005). Nothing in the statute at issue in *Doe*, however, indicated that Congress did not intend to protect potential life even where a fetus could live only a few weeks after birth—it did not, for example, allow funding for elective abortions of all terminal fetuses *except* those with anencephaly. As such, the only argument

- 4 -

PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

available to the *Doe* plaintiff was that the law *shouldn't* apply to a woman carrying a terminal fetus, because Congress should not have wanted to protect a terminal fetus. *Id.* at 1063. But because there was no reason to doubt Congress's rational intent to preserve life even in the face of tragedy, the Ninth Circuit rightly found that refusing to fund the plaintiff's elective abortion advanced that intent. *Id.*

The situation presented in *Doe* would have been analogous to this case (and the plaintiff would have been entitled to prevail) in two situations. First, if Doe could have shown that it was not plausible that the government was trying to advance an interest in preserving potential life (because, for example, the government would pay for all elective abortions except in cases of anencephaly), then there would be no rational basis for the law. Second, if Doe could have shown that there was no relationship between the preservation of potential life and the law (for example, if she were instead challenging a law that prohibited paying for delivery by Caesarian section), then there would be no logical connection between the asserted rational basis and the application of the law.

Similarly, the result in *Russell v. Hug* makes perfect sense. 275 F.3d 812 (9th Cir. 2002). In that case, a lawyer sought an exemption from a bar-membership requirement principally on the ground that he was so personally trustworthy and experienced that any such requirement would be superfluous as applied to him. *Id.* at 816. As in *Doe*, there was no reason to doubt the underlying rational basis (the law did not exempt attorneys with five years' experience but refuse to exempt attorneys with ten years' experience), and the Ninth Circuit properly refused to grant an individualized exemption from a general law based on an individual's idiosyncratic and intangible virtues. *Id.* at 820; *see also Carolene Prods.*, 304 U.S. at 153 (noting that the "administrative

PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

difficulty" of excluding an article from a regulated class would be relevant in any as-applied rational-basis challenge).

*Doe* and *Hug* do not address the situation in the instant case in which the relevant classification is attacked as irrational because its enforcement against Plaintiffs does literally nothing to advance any of the legitimate government interests that could plausibly be ascribed to Congress. Plaintiffs, in other words, do not seek relief on the ground that the relevant classification is an unreasonable policy choice (*Doe*) or on the ground that they should be entitled to a special exemption because of their personal virtues that make the relevant classification superfluous (*Hug*). Instead, Plaintiffs allege that none of the bases that could plausibly underlie NOTA's ban on compensating marrow donors has any logical connection to prohibiting MoreMarrowDonors.org from offering its proposed incentives.

## II.  PLAINTIFF DR. WAGNER HAS STANDING.

In its tentative opinion, the Court finds that Plaintiff Dr. Wagner has failed to allege causation and redressability (either in his capacity as a physician or on behalf of his patients) because Plaintiffs have failed to sufficiently allege that MoreMarrowDonors.org's proposed financial incentives for marrow donors will be efficacious "in increasing the number or quality of marrow donors." T.R. at 8. Plaintiffs respectfully ask the Court to reconsider this ruling.

Dr. Wagner has alleged that he has had in the past (and anticipates having in the future) patients who, in his medical judgment, would benefit from receiving a marrow transplant from a donor who was compensated, but that he has not (and will not) perform such a transplant if it is forbidden by federal law.  Compl. ¶¶ 200-03.  Plaintiffs' allegations are more than sufficient to support a finding that MoreMarrowDonors.org's program is likely to result

PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

in Dr. Wagner's being able to perform some transplants using marrow cells from compensated donors—and Dr. Wagner has standing if it is likely that the program would allow Dr. Wagner to treat even one patient using marrow from a compensated donor. *See, e.g., Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 916-17 (9th Cir. 2003).

Making all reasonable inferences in Plaintiffs' favor, the Complaint alleges that Dr. Wagner wishes to participate in MoreMarrowDonors.org's program because he believes it will help him save the lives of his current and future patients. Compl. ¶ 203-04.  It alleges that Dr. Wagner further believes that financial incentives for marrow donors will "make a serious impact on the persistent shortage of marrow donors" and "save countless lives."  Compl. ¶ 191-95. It further alleges that that Dr. Wagner has substantial expertise on which to base his opinions in this matter. Compl. ¶¶ 18-21.  It further alleges that Dr. Wagner's patients number in the thousands, and that he has had and will continue to have patients who will be unable to find a matching donor (or will have to settle for a poorly matched donor) unless the shortage of donors is ameliorated through a program like MoreMarrowDonors.org's.  Compl. ¶¶ 22-27. To find that MoreMarrowDonors.org's incentives are not likely to result in Dr. Wagner's being able to perform at least one transplant using marrow from a compensated donor, this Court would have to find that his expertise and professional judgment are simply incorrect—an inference that is inappropriate at this stage of the proceedings. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009) (courts must "draw all reasonable inferences in favor of the plaintiff" on a motion to dismiss).[2] Dr. Wagner's standing is further supported

---

[2] If the Court finds it is unable to infer from these allegations that Dr. Wagner is correct in his belief that MoreMarrowDonors.org's program is likely to help him save his patients' lives, Plaintiffs respectfully request an opportunity to provide more specific factual allegations on this point. Because MoreMarrowDonors.org's program is specifically
(continued…)

- 7 -

by his allegation that many potential patients are not referred to him by their primary oncologists because of the unlikelihood of finding a matching donor, meaning that a recruitment program like MoreMarrowDonors.org would also allow Dr. Wagner to treat patients who are currently not even referred to him. Compl. ¶ 24; s*ee Wasden*, 376 F.3d at 917 (standing supported by concern that the law would "prevent or chill" potential patients from consulting with plaintiff doctor). Simply put, at the motion-to-dismiss stage, this Court should not reject Dr. Wagner's informed and sincere contention that MoreMarrowDonors.org's program is likely to allow him to perform marrow transplants using marrow cells from compensated donors.

## CONCLUSION

Because Supreme Court and Ninth Circuit precedents clearly allow for as-applied challenges in the rational-basis context and because, drawing every inference in Plaintiffs' favor, the Complaint alleges that Dr. Wagner correctly believes that MoreMarrowDonors.org's incentives will help him save his current and future patients' lives, Plaintiffs respectfully ask this Court to reconsider its tentative opinion on these two points.  If the Court does not agree that Plaintiffs have adequately pled a rational-basis challenge to the application of NOTA to them, Plaintiffs respectfully request leave to amend their Complaint.

Dated:  March 15, 2010.

                Respectfully submitted,

                ____/s/ Jeff Rowes____

                William H. Mellor*
                Jeff Rowes*

---

(…continued)
based on modern economic research regarding how patients respond to incentives in the context of blood donation, Plaintiffs have every reason to believe that the program will actually result in an increase in the supply of donated marrow cells.

- 8 -

| | |
|---|---|
| 1 | Robert McNamara* |
| 2 | Institute for Justice |
|  | *Admitted pro hac vice |
| 3 | Justin D. Sobodash |
|  | (State Bar # 217450) |
| 4 | The Law Offices of |
| 5 | Justin Sobodash |

- 9 -

PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2010, a true and correct copy of this PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS was electronically filed using the Court's ECF system and notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic notification system.  Parties may access this filing through the Court's system.

/s/ Jeff Rowes
Jeff Rowes
Institute for Justice
Attorney for Plaintiffs